UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

MAXINE TINDELL, STEVEN TINDELL,  6:13-cv-1712-TC
SCOTT A. TINDELL and JANE FARMER,

                Plaintiffs,    ORDER

     v.

CHARLESTON VIEW LLC, an Oregon
limited liability company, et al.,

                Defendants.

COFFIN, Magistrate Judge:

Plaintiffs initiated this foreclosure action on April 29, 2013, in the Circuit Court of Oregon for the County of Coos against numerous defendants seeking to recover over $200,000 due on a promissory note from defendant Charleston View LLC secured by real property located in Coos County, Oregon.[1] Specifically, plaintiffs seek to foreclose on the trust deed lien and secure on order to sale the property to satisfy the amount due under the promissory note as first in priority to any other liens or interest in the property.

---

[1] The remaining defendants are alleged to have some right, title or interest in the subject property.

Page 1 - ORDER

Defendant The National Credit Union Administrative Board (NCUA) is the liquidating agent for defendant Chetco Federal Credit Union. The NCUA is not a an obligated party under the note, but plaintiffs allege its claimed interest in the property is junior to their own.[2] The Coos County court entered a default against all other defendants, including Charleston View, on August 5, 2013, September 4, 2013, and September 16, 2013.

On September 25, 2013, Defendant NCUA removed the action to this court. Plaintiff seeks to remand.

A defendant may remove "any civil action brought in a State Court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For a case to be removable as a federal question, it must be a case that could have been brought in a district court as a federal question under 28 U.S.C. § 1331. Further, when a district court has original jurisdiction over a claim, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy ...." 28 U.S.C. § 1367(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

The National Credit Union Administration is an independent federal agency charged with regulating federal credit unions and operates the national credit union share insurance fund insuring the deposits of millions of account holders. Defendant NCUA's removal is premised on the court's

---

[2]The NCUA's predecessor in interest, defendant Chetco, was the beneficiary of a trust deed recorded against the subject property in Coos County. Plaintiffs assert recordation of that deed occurred subsequent to their trust deed.

Page 2 - ORDER

original jurisdiction pursuant to 12 U.S.C. § 1789(a)(2) which provides, in part,

> All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. The Board may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect....

Plaintiffs do not assert any defects in the removal process. The court does have original jurisdiction in this case. However, plaintiffs do assert the court should decline jurisdiction under the doctrine of abstention. Plaintiffs' initial memo indicates they are asserting Younger abstention, but other abstention doctrines such as Burford and Colorado River are implied in the briefing.

Generally, there are four abstention doctrines that could apply in these circumstances: 1) Pullman abstention allows a federal court to decline to exercise jurisdiction over a case that involves federal constitutional issues and unsettled questions of state law, the resolution of which might moot the constitutional issues, Railroad Comm'n of Texas v. Pullman, 312 U.S. 496 (1941); 2) Burford abstention requires that a federal court dismiss or remand an action involving difficult questions of state law where federal intervention might disrupt state efforts to formulate coherent policy in an area of substantial public concern, Burford v. Sun Oil Co., 319 U.S. 315 (1943); 3) Younger abstention requires that a federal court abstain from enjoining ongoing state proceedings that implicate important state interests where the parties have an adequate opportunity to raise the federal issues in state court and where there is no showing of bad faith prosecution, harassment or extraordinary instances of irreparable harm, Younger v. Harris, 401 U.S. 37 (1971); and 4) Colorado River abstention allows a federal court to stay, but not dismiss, an action pending before it when there is a concurrent, separate action pending in state court that raises the same, or substantially the same,

Page 3 - ORDER

issues, Colorado River Water Conserv. District v. United States, 424 U.S. 800 (1976).

Pullman does not apply and plaintiffs do not appear to raise it. As discussed below, Younger and Colorado River require ongoing state proceedings and plaintiff does not identify any state proceedings other than the Coos County action that has been removed to this court.

There are three circumstances which must be met in order for the court to abstain under Younger: "(1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987). The doctrine is based on concerns of federalism and comity. See Ohio Bureau of Employment Services v. Hodory, 431 U.S. 471, 479 (1977). Those concerns are not present where a state court has stayed its own proceedings pending resolution of a case in a federal forum and therefore, any federal proceedings would not unduly interfere with the legitimate activities of the State. See Walnut Properties, Inc. v. City of Whittier, 861 F.2d 1102, 1107 (9th Cir. 1988). In this case, there are no ongoing state court proceedings. When a case is removed to federal court, the state court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d). Because there are no ongoing proceedings, Younger abstention is not appropriate.

Similarly, Colorado River abstention does not apply:

> Where, as here, the defendant appropriately removes the case to federal court, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins." Id. at 537 (citations omitted). "[A]s with prior exclusive jurisdiction, Colorado River abstention does not apply absent 'pending state court proceedings' involving the same property." Id. at 538 (quoting Lusardi, 976 F.2d at 588).

Karl v. Quality Loan Service Corp., 2014 WL 278915 at *1 (9th Cir. January 27, 2014). See also,

Page 4 - ORDER

Strang v. Satz, 866 F.Supp. 542, 544 (S.D.Fla 1994) (Colorado River abstention also is inapplicable because there is no concurrent, pending state action raising the same or substantially similar issues).

That leaves Burford as a possibility. The Burford doctrine allows a federal court to abstain from exercising its jurisdiction in deference to complex state administrative procedures.

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

New Orleans Pub. Serv., Inc. v. Council of New Orleans, (NOPSI) 491 U.S. 350, 361 (1989) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). Essentially, Burford instructs a district court to weigh the federal interests in retaining jurisdiction over the dispute against the State's interests in independent action to uniformly address a matter of state concern, and to abstain when the balance tips in favor of the latter. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 728 (1996); NOPSI, 491 U.S. at 363; Burford, 319 U.S. at 334. But this "balance only rarely favors abstention." Quackenbush, 517 U.S. at 728. Typically, "federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them." Colorado River, 424 U.S. at 821. (quotation omitted).

Congress expressed its desire for federal courts to hear actions and suits where the NCUA is a party. And, as plaintiffs themselves note, this case raises a "simple state foreclosure proceeding." Reply (#12) at p. 2; See also Motion to Remand (#6) at p. 2 ("simple state foreclosure proceeding"). The court is only called upon to determine whether plaintiffs' trust deed is senior or junior to the liens of NCUA. Accordingly, abstention is not appropriate absent complex state

regulatory issues. See Benas v. Shea Mortgage Inc., 2011 WL 4635645 at *2 (S.D.Cal. Oct. 4, 2011) (Burford abstention not proper where there is no complex state regulatory system at issue). The motion to remand is, therefore, denied.[3]

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand (#6) is denied.

DATED this 11 day of April, 2014.

THOMAS M. COFFIN
United States Magistrate Judge

---

[3] Plaintiffs also assert adjudication of defendant NCUA's rights in federal court will necessarily involve having to reconcile the decision in the federal case with decisions already made in the state case in order to proceed to foreclosure. Assuming plaintiffs meant to raise some sort of Rooker-Feldman-like issue, they fail to show that this court will be called upon to determine any issues that have already been addressed by the state court.

Page 6 - ORDER